GEORGE FROST CO. et al. v. CRANDALL WEDGE CO. et al.

(Circuit Court of Appeals, Second Circuit. October 21, 1903.)

No. 195.

1. PATENTS—VALIDITY AND INFRINGEMENT—HOSE SUPPORTERS.

The Gorton patent, No. 552,470, for a hose supporter, *held* not anticipated, entitled to a broad construction, and infringed, on review of an order granting a preliminary injunction, and on a consideration of certain alleged anticipatory patents not before the court in prior suits.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Appeal from an order of the United States Circuit Court for the Southern District of New York granting an interlocutory injunction in a suit for infringement of complainant's patent, No. 552,470, granted to Robert Gorton, December 31, 1895.

For opinion below, see 123 Fed. 104.

W. P. Preble, Jr., for appellants.

A. D. Salinger, for appellees.

Before TOWNSEND and COXE, Circuit Judges, and THOMAS, District Judge.

TOWNSEND, Circuit Judge. The first claim of the patent, the one involved herein, is as follows:

"(1) In a hose supporter, the combination of the webbing, the loop having an opening large at one end and narrower at the other, the button supporting plate, and the button composed of the central support and the surrounding rubber portion, substantially as set forth."

The history of the art to which the patent relates, the scope of the invention, and the status of the patent in view of prior constructions, have been fully discussed in the opinions at circuit and on appeal sustaining the validity of said claim. George Frost Co. v. Cohn (C. C.) 112 Fed. 1009; Id., 119 Fed. 505, 56 C. C. A. 185. The Circuit Court of Appeals in its opinion held, inter alia, as follows:

"It seems obvious that the claim in controversy is not to be limited to a hose supporter the button shank of which is made of rubber or surrounded with a rubber surface, and that it includes one in which the shank is made of or surrounded with any fibrous or yielding material; and that a button made of or covered with felt, fiber, cloth, or leather would, when combined with the other parts, infringe the claim."

In the Cohn Case the shank of the infringing button was surrounded by rubber. In the case at bar the shank and head of defendants' button is surrounded by cotton webbing.

Counsel for defendants herein have introduced 29 United States patents and 2 British patents, all prior to the patent in suit, which were not before the court in the Cohn Case, and contends that the conclusion of the court, quoted above, as to the scope of the patent, was not necessary to the decision in the Cohn Case, and that the character of the new evidence is such that, if it had been presented on the former trial, the court must have reached a different conclusion. The new evidence does not affect the conclusion of the court

in the Cohn Case that the claim in suit covers a button surrounded with fibrous material other than rubber.    Of the 31 new patents, four, namely, those to Gifford, Yarrington, Cushing, and Knight, illustrate a jaw type of clasp, substantially similar types of which were before the court in the Cohn Case.    As to this class of devices the Court of Appeals held as follows:

"We have not overlooked the prior patents, showing a device having a pair of jaws faced with springy or elastic material, which are pressed against the intervening fabric to hold it between them.  *  *  * These patents are of insignificant value as anticipatory references, or as suggesting the adaptability of the material for the new occasion of its use."

The patents cited above confirm this view.    Thus, Yarrington, of which defendants' counsel says, "on this patent alone the Gorton patent should be held invalid," shows "two spring pressed clamping arms, each being provided with a block of rubber," which are normally pressed together by said spring so as to bear against the article to be supported.    The two devices are totally dissimilar in object, construction, function, and result.    In Yarrington the amount of tension necessary to prevent the fabric from slipping is determined by the resiliency of the lateral spring pressure against the soft rubber pads.    In Gorton there is no such tension to prevent slipping, but the fabric is locked between the firm shank and its loop.    The stated object of the rubber pads in Yarrington is to obviate the liability of "spring pressed clamping arms, the same being provided with teeth or serrated edges," to puncture or tear the fabric.    Gorton's object in using rubber was to perfect his lock by providing a yielding surface to which the garment would cling.    In Yarrington the rubber permits the garment to slip; in Gorton the rubber absolutely prevents the locked garment from slipping between the lock of rigid button and loop.    The remaining patents above cited and the Williams supporter, also of this class, are open to the objections stated, and need not be discussed.

Of the remaining patents introduced by defendants, those to Gengembre, Ferris, Crandall, and Parry were chiefly pressed on the argument.    Defendants' counsel says as follows:  "The Gorton button (so called) was invented and patented by Gengembre in 1864."    Gengembre shows a button adapted to revolve in order "to prevent it from becoming irregularly worn during the process of passing it into and out of a buttonhole," provided with a shank encompassed with rubber "to protect the buttonholes of the cloth from contact with the shank," etc.    There is no suggestion of the inventive conception of Gorton—the adaptability of rubber to grip or clamp a fabric when exposed to strain.

The Circuit Court of Appeals in the Cohn Case, discussing the prior uses of rubber, said, concerning the Allen patent of 1883, identical with Gengembre so far as concerns the issues herein, as follows:

"It has also been used for buttons in order that its elasticity would permit the button to yield easily to sudden pressure and yet not abrade the fabric of the buttonhole, as in the instance of the collar stud of the Allen patent. But in none of its prior uses had it been employed as the member of a device between which and another member a portion of the fabric was to be

clamped. The instances of the prior use of such a material do not necessarily suggest its adaptability to do the work required of a button in a hose or garment supporter more efficiently than one of metal."

We think it unnecessary to add anything to the foregoing statement of the well-settled law applicable to constructions thus widely differing in the result sought to be accomplished. The Ferris patent, introduced by defendants' expert without discussion, seems to cover a device like that of the Walker patent considered in the Cohn Case. In the Crandall patent for a fabric holder there is no statement of the material of which the holding spool is made, and it is not attached to a base plate, as in Gorton. The Parry patent shows a small rubber ball without any shank and a soft leather tab. The Court of Appeals in the Cohn suit construed the claim in suit as covering a clasp consisting of a button with a firm shank made of or so surrounded by any yielding material that in connection with its proportioned rigid loop it would hold the fabric firmly without slipping or abrasion under strain, and would be adapted for fabrics of different thicknesses.

Upon this review of the order of the court below it is unnecessary to finally pass upon the relevancy of the four patents last cited to the patent in suit. Taken together, they may remotely suggest the grip or lock characteristic of the patented device, but they fail to show or suggest the firm shank or rigid loop which are essential in the patented construction. We concur in the conclusion of the court below that a comparison of the prior patents introduced herein with those considered in the Cohn suit does not justify the assumption that their presence therein would have induced a different construction of the patent in suit.

The order is affirmed, with costs.